UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
**KOGER, INC.,**                         :
                                        :
    **Plaintiff,**                    :
                                        :
    v.                                 :   Civil Action No. 09-4677 (FSH)
                                        :
**MAREK POLAK, ET AL.,**                 :
                                        :   **OPINION & ORDER**
    **Defendants.**                   :   **ON INFORMAL**
_____:   **APPLICATION**

    This matter having come before the Court by way of Defendant Polak's ("Polak") application for reconsideration of the Order on Informal Application dated November 5, 2009, in which the Court denied Polak permission to file sanctions against Plaintiff Koger ("Koger");

    and the Court having considered the November 5, 2009 Order, its reasoning, the parties' submissions,[1] and the standard for addressing applications for reconsideration;

---

[1] In his November 13, 2009 letter, Polak argues: (1) no statute or rule permits the Court to deny permission to file a motion for sanctions, and (2) the Court misunderstood the nature of the relief sought. (Def.'s Letter, Docket Entry No. 30, at 1.) In explanation of its second argument, Polak asserts that the Court incorrectly relied on Polak's pending motion for forum non conveniens (Docket Entry No. 19) as a basis for denial. (Def.'s Letter, Docket Entry No. 30, at 1.) Specifically, the Court found it would be premature to review a sanctions motion that may result in the ultimate sanction of dismissal, the same relief sought in the forum non conveniens motion. (Def.'s Letter, Docket Entry No. 30, at 1.) Polak, however, asserts that his sanctions motion sought different relief because a dismissal under forum non conveniens would simply move the forum to Slovakia. (Def.'s Letter, Docket Entry No. 30, at 1–2.) Polak further asserts that he seeks a sanction that will provide Koger with the "necessary deterrence," such as dismissal with prejudice, or the award of costs or fees. (Def.'s Letter, Docket Entry No. 30, at 1–2.)

    Besides asking for reconsideration, Polak's letter alleges various facts concerning Koger's conduct. (Def.'s Letter, Docket Entry No. 30, at 2–3.) Polak also asserts that the

and the Court deciding this motion without oral argument pursuant to Fed. R. Civ. P. 78 and Local Civ. R. 78.1 as the submissions sets forth the parties' positions;

and applications for reconsideration being governed by Local Civ. R. 7.1(i);

and Local Civ. R. 7.1(i) providing for the reconsideration of an order if the motion for the same is filed within 10 days (excluding weekends and holidays) after entry of the disputed order;

and the docket reflecting that the Order was entered on November 5, 2009 and the application for reconsideration was filed on November 13, 2009, and therefore the application is timely;

and the Court noting that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also P. Shoenfeld Asset Mgmt. LLC v. Cendant

---

Court's November 5, 2009 Order removed the threat of sanctions for Koger's misconduct. (Def.'s Letter, Docket Entry No. 30, at 3.)  Finally, Polak responds to previous assertions Koger made when Polak's letter seeking permission to file a sanctions motion was originally before the Court.  (Def.'s Letter, Docket Entry No. 30, at 3–4.)

In response, Koger assert that neither of Polak's arguments provide a ground for reconsideration and characterizes Polak's arguments, as suggesting that: (1) permission to file a motion for sanctions is a mere formality that cannot be denied, and (2) "Koger cannot prove its damages."  (Pl.'s Letter, Docket Entry No. 31, at 1.)  As to the first characterization, Koger argues that requesting permission is not a mere formality but a measure to prevent unmeritorious motions.  (Pl.'s Letter, Docket Entry No. 31, at 1.)  As to the second characterization, Koger argues that Polak repeats his initial request and his views about Koger's alleged damages.  (Pl.'s Letter, Docket Entry No. 31, at 1–2.)  According to Koger, Polak confuses sanctions for frivolous litigation with his belief that Koger will face challenges proving damages at trial.  (Pl.'s Letter, Docket Entry No. 31, at 2.)

In addition, Koger asserts that: (1) Polak's letter is an attempt to influence the Court's decision on pending motions, (2) Polak does not respond to Kroger's previous letter, (3) Polak is responsible for the delay in the case by removing to federal court, (4) Koger's claims are not frivolous, and (5) Polak mischaracterizes the Court's denial of permission to file a sanctions motion.  (Pl.'s Letter, Docket Entry No. 31, at 2–4.)

Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003);

and a court may grant a properly filed motion for reconsideration for one of three reasons: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice," Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)); Carmichael v. Everson, Civ. No. 03-4787, 2004 WL 1587894 at *1 (D.N.J. May 21, 2004);

and Local Civ. R. 7.1(i) requiring that the moving party set forth "concisely the matters or controlling decision which counsel believes the Court has overlooked," G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990);

and a motion for reconsideration being improper when it is used "to ask the Court to rethink what it had already thought through—rightly or wrongly," Ciba-Geigy Corp. v. Alza Corp., Civ. No. 91-5286, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993) (citing Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993));

and Polak not arguing that there has been an intervening change in the law or that there is newly available evidence;

and the Court finding that Polak's reasons do not warrants reconsideration because the Court's denial was neither clear error of law and the failure to reconsider will result not result in manifest injustice;

and for the reasons set forth herein;[2]

---

[2] The Court finds that Defendant Polak presented no bases for the Court to reconsider the November 5, 2009 order. Reconsideration may be sought if: (1) there has been an intervening change in the law, (2) newly available evidence has been obtained, or (3) it is necessary to correction a clear error of law or prevent manifest injustice. L. Civ. R. 7.1(i); see, e.g., Zongoli v. United Parcel Serv., Inc., 2009 WL 1974465, *1 (D.N.J. July 9, 2009); Database Am., 825, F.Supp. at 1220. Here, Polak presents neither an intervening change in the law nor newly available evidence. Accordingly, the Court interprets Polak's reasons as an argument that reconsideration is needed to correct clear of error or prevent manifest injustice. The Court, however, finds that its November 5, 2009 Order is not error and does not create injustice.

The Order does not represent an error of law because the Court has the authority under the Local and Federal Rules to manage the proceedings. To begin with, Fed. R. Civ. P. 1 requires the Court "construe[] and administer[ the rules] to secure the just, speedy, and inexpensive determination of every action and proceeding." To this end, Fed. R. Civ. P. 16 vests the Court case management authority to "(1) expedit[e] disposition of the action; (2) establish[] early and continuing control so that the case will not be protracted because of lack of management; (3) discourag[e] wasteful pretrial activities; (4) improv[e] the quality of the trial through more thorough preparation; and (5) facilitat[e] settlement." Fed.R.Civ.P. 16(a)(1)–(5). Moreover, the Court has inherent power in the case to regulate litigation. Cf. Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Ropgers, 357 U.S. 197 (1958). The Court of Appeals for the Third Circuit has specifically recognized the courts' authority to regulate motion practice under the local rules. See United States v. Eleven Vehicles, 200 F.3d 203, 214 (3d Cir. 2000) (noting that "Local rules play a significant role in the district courts' efforts to manage themselves and their dockets"). In this district,"**[u]nless a Judge or Magistrate Judge advises the attorneys otherwise**, all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L. Civ. R. 7.1." L. Civ. R. 7.1(b)(1) (emphasis added).

Under this case management authority, the Court issued a scheduling order on September 21, 2009 stating, in pertinent part,

> (7) At the conference, the Court will address scheduling of all motions. <u>No motions shall be filed without prior leave of the Court</u>. If any motions have already been filed, the parties shall immediately advise the Court in writing regarding the nature of the motions and the present status of same.

(Scheduling Order, dated Sept. 21, 2009, Docket Entry No. 7, at 2.) By its plain terms, the Court directed the parties to seek leave of Court before filing any motions. This "leave" requirement ensures that motion practice proceeds in an efficient manner by, among other things, avoiding piecemeal, redundant, premature and/or unnecessary motion practice. Polak asked for such leave and the Court denied leave without prejudice because of the pending forum non convience


and for good cause shown

IT IS on this 25th day of November, 2009

---

motion. (Order, dated Nov. 5, 2009, Docket Entry No. 25). Specifically, the Court found that "further motion practice at this time is premature as the motion, if successful, will result in the ultimate relief that could be sought via a sanctions motion namely dismissal; and . . . that this approach will conserve resources." (Order, dated Nov. 5, 2009, Docket Entry No. 25.)

The Court's November 5, 2009 Order resolved Polak's request well within the case management parameters set by Fed. R. Civ. P. 1 and 16 and L. Civ. R. 7.1. The Court prevented potentially unnecessary pretrial activities by focusing the parties on the pending dispositive motion (which Polak himself brought). Indeed, the need to control the litigation is especially important here. Although only recently removed to federal court, Pollak and Koger have been contentiously litigating this case for years. Therefore, a court does not err when proceeding cautiously with requests to seek sanctions.

Besides committing no error, the Court's Order did not result in manifest injustice. First, the law is clear that dismissal is the ultimate relief and defendant's view to the contrary is nonsensical. See Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990) (directing that it is "necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction"); Cuttr Holdings LLC v. Patinkin, 2008 WL 352675, at *4, (D.N.J. 2008) (noting that "dismissal is a severe and rarely appropriate sanction"); RTC Mortgage Trust1994 N–1 v. Fidelity Nat. Title Ins. Co., 981 F. Supp. 334, 345 (D.N.J. 1997) (describing dismissal as "a sanction of last resort"); see also Wright & Miller supra § 1336.3 (describing dismissal as the "death penalty" of sanctions "reserved for the rare case involving extreme misbehavior by the offending party" ). Second, Polak's request for dismissal in the forum with prejudice will not necessarily result in what he seeks because a sanctions motion cannot automatically preclude suit in a foreign tribunal. Third, Polak's request for attorney fees and costs can be sought later and hence there is no injustice by denying leave to seek them now. Fourth, Polak's concern that the Court has removed the threat of sanctions is incorrect; all the Court did was deny the present request at this time. Accordingly, no manifest justice resulted from the November 5, 2009 Order.

Additionally, the Court notes that Polak made various factual allegations regarding Koger's conduct, but the Court declines to evaluate them because to do so would be the equivalent fo addressing the merits of the proposed motion.

For these reasons, Polak has failed to show that the Court has overlooked controlling law, facts, or evidence or that a failure to reconsider the November 5, 2009 Order will result in a manifest injustice. Therefore, having failed to satisfy the requirements for reconsideration, Polak's motion for reconsideration is denied.


ORDERED that Defendant Polak's application for reconsideration of the Order on Informal Application dated November 5, 2009 concerning permission to file sanctions against Plaintiff Kroger is denied.

                                        **s/Patty Shwartz**
                                        **UNITED STATES MAGISTRATE JUDGE**