**NOT FOR PUBLICATION**                                                                                    **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KOGER, INC., | Civ. Docket No. 09-4677 |
| Plaintiff, | Hon. Faith S. Hochberg, U.S.D.J. |
| v. | **OPINION & ORDER** |
| MAREK POLAK, *et al.*, | Date: February 3, 2010 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter having come before the Court upon Plaintiff Koger, Inc.'s October 9, 2009 Motion to Remand to the Superior Court of the State of New Jersey (the "Superior Court"), pursuant to 28 U.S.C. § 1447(c); and the Court having considered the papers before it pursuant to Federal Rule of Civil Procedure 78 and for good cause appearing;

and it appearing that Plaintiff filed this action in the Superior Court;

and it appearing that this action was removed to this Court pursuant to 28 U.S.C. § 1441;

and it appearing that the parties entered into an employment contract containing a forum selection clause, which provides: "Jurisdiction and venue is limited in any proceeding by the Company or Employee to enforce their rights hereunder to any court or arbitrator geographically located in Bergen County, New Jersey";[1]

---

[1] *See* Oct. 9, 2009 Wapner Cert., Ex. 3.

and it appearing that prior to removal, Defendant Polak moved to dismiss this action in the Superior Court under the doctrine of forum non conveniens;[2]

and it appearing that Defendant's motion to dismiss was denied by the Superior Court in an opinion dated June 12, 2009;[3]

and it appearing that the Superior Court in its opinion considered and upheld the validity and enforceability of the forum selection clause;[4]

and it appearing that the Superior Court rested its denial of Defendant's motion to dismiss in part on the validity and enforceability of the forum selection clause;[5]

and it appearing that this Court should not revisit the decision of the Superior Court upholding the validity and enforceability of the forum selection clause under the law of the case doctrine;[6]

---

[2]   *Id.*, Ex. 1 at 1.

[3]   *Id.*, Ex. 1 at 11.

[4]   *Id.*, Ex. 1 at 10.

[5]   *Id.*, Ex. 1 at 11.

[6]   The law of the case doctrine promotes "finality, consistency, and judicial economy" by "limit[ing] relitigation of an issue once it has been decided in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003) (quotations omitted). Defendant makes several arguments in an attempt to circumvent the law of the case doctrine. First, he argues that the facts are different because discovery has taken place since the Superior Court's decision. It is true that the doctrine may not apply if the record "contains new evidence" that "differs materially from the evidence of record when the issue was first decided and if it provides less support for that decision." *Id.* at 787. However, Defendant's proffered "new evidence" (namely that Plaintiff does not include a New Jersey forum selection clause in its employment contracts in Sydney and Dublin) certainly does not "differ materially from the evidence of record when the issue was first decided." *Id.* Second, Defendant argues that this Court should revisit the Superior Court's decision because federal forum non conveniens jurisprudence is different from New Jersey state law. That is irrelevant to the current analysis.

and it appearing that there is no federal district court in Bergen County, New Jersey;[7]

**IT IS** on this 3rd day of February, 2010,

**ORDERED** that this case is **REMANDED** to the Superior Court, Law Division, Bergen County, New Jersey; and it is further

**ORDERED** that this case is **CLOSED**.


                                                      ___/s/  **Faith S. Hochberg**_____
                                                    Hon. Faith S. Hochberg, U.S.D.J.

---

The Superior Court upheld the validity of the forum selection clause applying principles of New Jersey state law – the same principles that would be applied by this Court, sitting in diversity, pursuant to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Finally, Defendant argues that declining to revisit the Superior Court's decision would result in manifest injustice to Defendant. This argument amounts to little more than disagreement with the decision of the Superior Court, which considered the hardship to the Defendant but found that it was outweighed by, among other things, the fact that he knew or should have known that, because of the forum selection clause, "any dispute arising out of the contract would be governed by the laws of New Jersey and resolved via New Jersey courts." Oct. 9, 2009 Wapner Cert., Ex. 1 at 9.

[7] Since there is no federal court in Bergen County, New Jersey, no federal forum is available to the parties according to the forum selection clause. *See Integrated Health Res., LLC v. Rossi Psychological Group, P.A.*, 537 F. Supp. 2d 672, 676 (D.N.J. 2008).